United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50173
Summary Calendar
_____

ESTABAN S. MACIEL,

Plaintiff-Appellant,

versus

V. FELKINS, Physician's Assistant, Connelly Unit,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-181
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Estaban S. Maciel, Texas prisoner # 773891, challenges the
district court's denial of his application to proceed in forma
pauperis ("IFP") on appeal. The district court had dismissed
Maciel's 42 U.S.C. § 1983 lawsuit because he had failed to
exhaust his administrative remedies. By moving to proceed IFP on
appeal, Maciel is challenging the district court's certification
that he should not be granted IFP status because his appeal is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Maciel asserts that he was not required to exhaust his administrative remedies before filing a civil rights action for a variety of reasons.  Exhaustion of prison grievance procedures is mandatory.  See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002).

Maciel has failed to show that his complaint presented a non-frivolous issue for appeal.  Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith.  Maciel's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Maciel's motion for appointment of appellate counsel is DENIED.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS.